# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEFFREY LINN WALKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-08-1107-HE |
| | ) | |
| MIKE MULLIN,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner, a state prisoner appearing pro se, filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The matter was referred to Magistrate Judge Bana Roberts for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) & (C). Respondent filed a response to the petition [Doc. No. 12] including the state court transcripts. Petitioner did not file a reply nor did he seek an extension of time in which to do so. The magistrate judge recommended that the petition be denied and petitioner filed an objection to that recommendation. Because petitioner has objected to the Report and Recommendation, the matter is reviewed de novo. 28 U.S.C. § 636(b)(1).

Petitioner was convicted on four counts: possession of a precursor substance with intent to manufacture a controlled dangerous substance; possession of a precursor substance without a license; possession of a controlled substance (methamphetamine); and possession

---

[1] *Petitioner listed the State of Oklahoma and the Attorney General of the State of Oklahoma as respondents. However, as the magistrate judge noted, where the petitioner is presently in custody pursuant to the challenged state judgment, the state officer having custody of the petitioner is the proper respondent. Therefore, Jess Dunn Correctional Center Warden Mike Mullin is the only proper respondent and has been substituted in place of the entities named by the petitioner.*

of a firearm while committing a felony. The charges arose out of an incident in which Oklahoma City police officer Michael Johnson was dispatched to check on the welfare of children residing at a certain residence. After receiving no response at the front door, and after noticing several cars in the driveway, officer Johnson proceeded around the house and through the closed gate to check the back door. Once in the backyard, Johnson noticed a travel trailer with sealed and taped windows and a running air conditioner, and from which an odor he believed to be of marijuana was emanating. After backup assistance arrived, the officers questioned the petitioner about the trailer. Petitioner signed a search waiver for the trailer and informed the officers that two pistols were in it and more were in the house. While in the trailer, the officers found two pistols, a small safe, a metal lock box, a pipe containing marijuana residue, and two spoons which field-tested positive for methamphetamine. Petitioner informed the officers that they could not search the safe or the lock box. The officers stopped the search and applied for a warrant. Once the warrant arrived the officers searched the remainder of the trailer, the garage, a vehicle, and the home, and found precursor substances for manufacturing methamphetamine, methamphetamine, marijuana residue, numerous firearms, drug paraphenalia, and many items commonly associated with manufacturing methamphetamine.

Petitioner asserts five grounds for habeas relief. He argues that officer Johnson violated his Fourth Amendment rights by entering the backyard without a warrant (Ground One) and by coercing him into signing a waiver to search the travel trailer (Ground Two).

Where a state court has "provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976). As the magistrate judge concluded, petitioner was given a full and fair opportunity to litigate the Fourth Amendment claims underlying Grounds One and Two — including at a suppression hearing before the trial court as well as on direct appeal — and so those grounds do not warrant habeas relief.

Petitioner also challenges the use and admission of certain evidence at trial, which he claims was more prejudicial than probative, including a simulated methamphetamine lab used by the prosecution as a demonstrative aid (Ground Three), as well as the display of a gun in court and the admission of evidence indicating that petitioner possessed guns found in the trailer and his home (Ground Four). On habeas review, federal courts review state court evidentiary rulings only "to determine whether the error was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." Hooker v. Mullin, 293 F.3d 1232, 1238 (10th Cir. 2002) (internal citation and quotation marks omitted). As the magistrate judge concluded, petitioner has presented no evidence demonstrating that the use of the challenged evidence denied him his right to due process. Accordingly, Grounds Three and Four do not warrant habeas relief.

In Ground Five, petitioner alleges that he was denied his right to competent counsel, describing several "mistakes" made by both his trial and appellate counsel. To establish that

3

counsel was ineffective, a habeas petitioner must show, among other things, that the counsel's deficient performance was "prejudicial," meaning that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687–88 (1984). As the magistrate judge concluded, petitioner has failed to show that, but for any of the mistakes he alleges, the result would have been different. Thus, petitioner's Ground Five does not warrant habeas relief.

Accordingly, the court **ADOPTS** the Report and Recommendation [Doc. No. 17] and, for substantially the same reasons as stated by the magistrate judge, **DENIES** petitioner's Petition for Writ of Habeas Corpus.

**IT IS SO ORDERED**.

Dated this ___ day of June, 2010.

JOE HEATON
UNITED STATES DISTRICT JUDGE